Maria Erica DEL TORO-CHACON, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Blanca Fabiola Del Toro–
Chacon, Petitioner,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 02–73617, 02–73618, 07–70375.

United States Court of Appeals,
Ninth Circuit.

Submitted April 24, 2009.*

Filed May 1, 2009.

Monika Batra, Esquire, Robert Harrison Gibbs, Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, GRABER and McKEOWN, Circuit Judges.

### MEMORANDUM **

Maria del Toro–Chacon (02–73617) and Blanca del Toro–Chacon (02–73618), who are natives and citizens of Mexico, petition for review of the Board of Immigration Appeals's ("BIA") affirmance of the immigration judge's ("IJ") denial of withholding of removal.[1] The del Toro–Chacons also petition for review of the BIA's denial of their motion to reopen (07–70375).[2] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petitions.

We review the denial of withholding of removal for substantial evidence: we may reverse only if the evidence compels the conclusion that either or both of the del Toro–Chacons are more likely than not to be persecuted on account of a protected ground in Mexico. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1076 (9th Cir.2008). Even assuming that the del Toro–Chacons face probable retribution from the family at issue, the evidence does not compel the conclusion that the requisite nexus exists between that retribution and a protected ground, specifically membership in a particular social group. We do not consider the unexhausted argument that the del Toro–Chacons' family constitutes the relevant social group.

We review a denial of a motion to reopen for an abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). The BIA did not abuse its discretion in denying the motion to reopen because none of the information put forward in support of the motion demonstrates a nexus to a protected ground as to their withholding claim, a likelihood of torture as to

---

* The panel unanimously finds these petitions suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The del Toro–Chacons also sought and were denied asylum and protection under the Convention Against Torture ("CAT"), a determination that they do not now challenge.

2. In their motion to reopen, the del Toro–Chacons argued (1) that new evidence established a clear probability of future persecution and torture qualifying them for withholding of removal and CAT protection; and (2) that changed circumstances qualified them for an exception to the one-year deadline to apply for asylum. They do brief these issues in their petition for review of the denial of their motion to reopen.

their CAT claim, or a material change in country conditions in Mexico. Additionally, much of the information was not previously unavailable.

**DENIED.**